IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|                              |   |                |
|------------------------------|---|----------------|
| EARNEST M. HAWKINS,          | § |                |
|                              | § |                |
|     Plaintiff, | § |                |
|                              | § |                |
| vs.                          | § | No. 07-2326-B/P |
|                              | § |                |
| TENNESSEE BOARD OF PROBATION | § |                |
| AND PAROLES, et al.,         | § |                |
|                              | § |                |
|     Defendants. | § |                |
|                              | § |                |

ORDER DIRECTING CLERK TO DOCKET JUNE 20, 2007 ORDER,
CASE NO. 06-2784, IN THIS CASE
ORDER TERMINATING PENDING MOTION
AND
ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT

On November 16, 2006, Plaintiff Earnest M. Hawkins, Tennessee Department of Correction prisoner number 95252, who is currently an inmate at the Lois M. DeBerry Special Needs Facility in Nashville, Tennessee, filed a joint pro se complaint pursuant to 42 U.S.C. § 1983, along with four other inmates, accompanied by a motion seeking appointment of counsel. That action was docketed as case number 06-2784. The Court issued an order on May 3, 2007 severing the cases. This case was opened on May 3, 2007. The Court issued an order on May 20, 2007 that, inter alia, assessed the civil filing fee, dismissed the complaint, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim on which relief may be granted, and certified that an appeal would not

be taken in good faith. (Docket Entry ("D.E.") 4.) Judgment was entered on May 30, 2007.

On June 1, 2007, Hawkins and three of the four additional plaintiffs filed a motion in case number 06-2784, entitled "Reconsideration of Order Severing Case No. 206 CV02784 Document: 9/Memorandum in Opposition and or Notice of Appeal of the Order." On June 20, 2007, the Court issued an order in case number 06-2784 that denied the motion for reconsideration and directed the Clerk to file a copy of the motion in the instant case. The motion was docketed in this case on June 20, 2007 (D.E. 5), and it is DENIED for the reasons stated in the order issued on June 20, 2007 in case number 06-2784. The Clerk is directed to file a copy of that order in this case as of June 20, 2007 and to terminate D.E. 5 as a pending motion in this case.[1]

On June 14, 2007, Hawkins filed a motion for relief from judgment pursuant to Fed. R. Civ. P. 59(e). A party should be afforded relief from a judgment pursuant to Fed. R. Civ. P. 59(e) under only limited circumstances:

> [R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly. There are four basic grounds upon which a Rule 59(e) motion may be granted. First, the movant may demonstrate that the motion is necessary to correct manifest errors of law or fact upon which the judgment is based. Second, the motion may be granted so that the moving party may present newly discovered or previously unavailable evidence. Third, the motion will be granted if necessary

---

[1] The Court notes that a notice of appeal as to that order was filed in case number 06-2784, signed by Hawkins and the other affected parties. On September 28, 2007, the Sixth Circuit dismissed the appeal for lack of jurisdiction. <u>White, et al. v. Tennessee Bd. of Probation & Paroles, et al.</u>, No. 07-5910 (6th Cir.).

2

> to prevent manifest injustice. . . . Fourth, a Rule 59(e) motion may be justified by an intervening change in controlling law.
>
> The Rule 59(e) motion may not be used to relitigate old matters, or present evidence that could have been raised prior to the entry of judgment. Also, amendment of the judgment will be denied if it would serve no useful purpose.

11 Charles Alan Wright et al., Federal Practice and Procedure § 2810.1 (2d ed. 1995) (footnotes omitted); see Nagalingam v. Wilson, Sowards, Bowling & Costanzo, No. 00-5453, 2001 WL 493392, at *2 (6th Cir. May 1, 2001).

In this case, Plaintiff argues, in effect, that the dismissal of his case was based on a manifest error of law, because sua sponte dismissals of a lawsuit prior to service on the defendants is permitted, pursuant to Fed. R. Civ. P. 12(h)(3), only if there is no subject-matter jurisdiction. In this case, however, the complaint was not dismissed pursuant to Rule 12(h)(3) but, rather, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), which permit sua sponte dismissal of pro se and prisoner suits for failure to state a claim. When screening a complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), a district court in this circuit may not direct a plaintiff to amend his complaint to cure any deficiencies. McGore v. Wrigglesworth, 114 F.3d 601, 612 (6th Cir. 1997).

The motion to vacate is DENIED.

IT IS SO ORDERED this 1st day of February, 2008.

                                          s/ J. DANIEL BREEN
                                          UNITED STATES DISTRICT JUDGE